UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD ANDREW BROWN, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:15-cv-716

HON. ROBERT HOLMES BELL

# **O P I N I O N**

This matter is before the Court on Movant Floyd Andrew Brown's motion to vacate, set aside, or correct the sentence imposed upon him pursuant to 28 U.S.C. § 2255. For the reasons that follow, his motion will be denied.

## I.

On December 20, 2012, a grand jury indicted Movant on one count of Sexual Exploitation of a Child, 18 U.S.C. §§ 2251(a) and (e). (Indictment, *United States v. Brown*, No. 1:12-cr-309 (W.D. Mich.), ECF No. 1.) A superseding indictment issued on March 26, 2013, charging Movant with six counts of Sexual Exploitation of a Child, 18 U.S.C. §§ 2251(a) and (e); four counts of Attempted Sexual Exploitation of a Child, 18 U.S.C. §§ 2251(a) and (e); and three counts of Possession of Child Pornography, 18 U.S.C. §§ 2255A(a)(5)(B) and (b)(2). (Superseding Indictment, *United States v. Brown*, No 1:12-cr-309 (W.D. Mich.), ECF No. 15.) At Movant's counsel's request, a competency evaluation

was ordered. (Order, *United States v. Brown*, No.1:12-cr-309 (W.D. Mich.), ECF No. 9.) A hearing was held, and "[a]fter reviewing the forensic report, the parties declined to call witnesses and stipulated to a determination of competency on the basis of the report alone." (Order, *United States v. Brown*, No.1:12-cr-309 (W.D. Mich.), ECF No. 18.) United States Magistrate Judge Joseph G. Scoville also reviewed the forensic report and determined that Movant was competent to stand trial. (*Id.*)

Following this determination, Movant pleaded guilty to two counts of Sexual Exploitation of a Child, 18 U.S.C. §§ 2251(a) and (e). (Plea Agreement, *United States v. Brown*, No. 1:12-cr-309 (W.D. Mich.), ECF No. 29.) The plea agreement contained a "broad" waiver of Movant's right to appeal and collaterally attack his sentence. *United States v. Brown*, No. 13-2592, slip op. at 1 (6th Cir. July 17, 2014). Relevant to this case, the plea agreement states:

> The Defendant also waives the right to challenge his conviction and his sentence and the manner in which his sentence was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (except a challenge that goes to the validity of this waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel).

(Plea Agreement ¶ 14.) The Court accepted Movant's plea, and he was sentenced to 360 months' imprisonment for each count, to be served consecutively for a total of 720 months' imprisonment. (J., *United States v. Brown*, No. 1:12-cr-309 (W.D. Mich.), ECF No. 47.) In denying Movant's direct appeal, the Sixth Circuit noted that the appeal fell within the terms of the waiver in the Plea Agreement, and that "the record demonstrates that the waiver was

knowing and voluntary." *United States v. Brown*, No. 13-2592, slip op. at 2 (6th Cir. July 17, 2014).

Following the denial of his direct appeal, Movant filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on July 9, 2015. (ECF No. 1.) Movant raises the following claims:

>   I. The Plea Agreement was nul[l] and void as the attorney for the defendant for conflict of interest [sic]. Violating Petitioners Six Amendment right to counsel [sic].
>
>   II. That the United States illegally sentenced the Petitioner, to a sentence where the length of the sentence was based upon r[e]habilitative goals.
>
>   III. That counsel was ineffective in his assistance of counsel for allowing a plea, and conviction that was in violation of the double jeopardy clause.
>
>   IV. The counsel because of ineffective assistance of counsel, in conflict of interest, refused to dismiss an indictment that had expired.

(Br. in Supp. of Mot. to Vacate 5, 38, ECF No. 3.) Also pending before the Court is an application to proceed without prepayment of fees (ECF No. 4) and a motion to appoint counsel (ECF No. 5). The Government filed a response in opposition on March 29, 2016, to which Movant replied.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C.

§ 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

### III.

As a threshold matter, the Court must determine which claims fall under the waiver in Movant's Plea Agreement. Plea agreement waivers of § 2255 rights are generally enforceable. *See Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) (citing *Watson*, 165 F.3d at 489). A defendant in a criminal case may waive "any right, even a constitutional right," by means of a plea agreement. *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). To be valid, plea agreement waivers must be entered into "knowingly, intelligently, and voluntarily." *Davila,* 258 F.3d at 451.

As stated, Movant retained only the right to bring a challenge that "goes to the validity of [the] waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel." (Plea Agreement ¶ 14.) Reading his motion generously, the Court finds that his first and third grounds for relief challenge the validity of the waiver of his right to collaterally attack his sentence. The second ground for relief—arguing that he was illegally sentenced based upon rehabilitative goals—does not relate to the waiver of his right to collaterally attack his sentence. Similarly, his fourth ground for relief—arguing that his counsel should have moved to dismiss an indictment—also does not relate to the waiver. Accordingly, the Court will examine Movant's two claims that arguably seek relief based on an invalid waiver of his right to collaterally attack his sentence.[1]

---

[1] Within each of his four primary claims, Movant has also raised several other arguments, such as violations of the Speedy Trial Act, violations of the Federal Magistrate's Act, and an allegation that his counsel failed to investigate "obvious constitutional violations." The Court finds that these claims also do not seek relief based on an invalid waiver of his right to collaterally attack his sentence and, thus, they will not be addressed.

### A. Null and Void Plea Agreement

Movant first argues that his plea agreement was "nul[l] and void" because his attorney provided ineffective assistance of counsel due to a "conflict of interest." Although difficult to follow, the Court discerns three separate ineffective assistance of counsel arguments raised by Movant under this challenge.

To prevail on a claim of constitutionally ineffective assistance of counsel, Movant must show that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct . . . . undermined the proper functioning of the adversarial process . . . ." *Id.* at 686. "Judicial scrutiny of counsel's performance must be highly deferential," and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. To establish prejudice, Movant must show a reasonable probability that counsel's errors affected the outcome of the proceeding. *Id.* at 696. In the context of a guilty plea, the prejudice prong can be met by demonstrating that, but for counsel's deficient performance, a reasonable probability exists that the defendant would not have pleaded guilty and would have insisted on going to trial. *Railey v. Webb*, 540 F.3d 393, 415-15 (6th Cir. 2008).

*First*, Movant argues that ineffective assistance of counsel resulted from a conflict of interest which occurs whenever "the government purposely places a collateral attack agreement wa[i]ver in the plea agreement." (Br. in Supp. of Mot. to Vacate 7.) In support of

this, he cites American Bar Association and Department of Justice memoranda that disfavor plea agreements waiving the right to collaterally attack a sentence. (Reply Br. at 23-24, ECF No. 33.) Movant states that "[n]o attorney in his right mind would have allowed such a bad plea." (*Id.* at 24.)

But in order to prevail on a claim alleging a conflict of interest, Movant must "point to specific instances in the record to suggest an actual conflict or impairment of his interests and must demonstrate that the attorney made a choice between possible alternative courses of action." *United States v. Mays*, 77 F.3d 906, 908 (6th Cir. 1996) (citation omitted). He has not done so. Although case law exists suggesting that such a waiver may violate state rules of ethics, *United States v. Kentucky Bar Association*, 439 S.W.3d 136 (Ky. 2014), to prevail on a § 2255 motion, Movant must prove a *federal constitutional violation*. *Cofield*, 233 F.3d at 407. The Court has found no case law suggesting that a waiver of collateral attack rights creates a conflict of interest that is in violation of the Constitution. Indeed, the Sixth Circuit has repeatedly enforced such waivers. *See Hardin v. United States*, 595 F. App'x 460, 461-63 (6th Cir. 2014); *Short v. United States*, 471 F.3d 686, 697 (6th Cir. 2006). Because the Court finds that no conflict of interest existed, Movant's ineffective assistance claim based on such a conflict must fail.

*Second*, Movant argues that counsel caused him to enter into his plea agreement unknowingly and involuntarily, and failed to ensure that Movant understood the provisions of the Plea Agreement. Movant states that he was "pressured" and "tricked" into pleading guilty after being told that doing otherwise would "mak[e] the District Judge mad." (Br. in

7

Supp. of Mot. to Vacate 11.) He mentions the fact that his psychological examination concluded that he was borderline "mentally retarded." (*Id.*) And he states that he was "confused" and "unaware" of the consequences of pleading guilty. (*Id.* at 13.)

These arguments are belied by the record. At Movant's change of plea hearing, the collateral attack waiver was fully and accurately explained to him. (Change of Plea Hr'g Tr. 12-13, *United States v. Brown*, No. 1:12-cr-309 (W.D. Mich.), ECF No. 40.) At that time, Movant stated that he understood the waiver (*id.* at 13) and confirmed that he believed pleading guilty was in his best interest (*id.* at 16). He also confirmed that his plea was not a product of a threat or of any other promise not contained in that agreement. (*Id.*) Moreover, when signing his plea agreement, Movant affirmed that he "understand[s] the terms of this agreement, and I voluntarily agree to these terms." (Plea Agreement at 12.)

A defendant's statements at a plea hearing should be regarded as conclusive as to truth and accuracy in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements. *United States v. Owens*, 215 F. App'x 498, 502 (6th Cir. 2007). Movant has failed to offer such a reason and, thus, the Court finds that he knowingly and voluntarily entered into the plea agreement, and knowingly and voluntarily agreed to waive his right to collaterally attack his sentence. This finding is consistent with the Sixth Circuit's prior finding that Movant's waiver of his right to attack his sentence on direct appeal—which was contained in the same paragraph as his waiver to collaterally attack his sentence—was knowing and voluntary. *United States v. Brown*, No. 13-2592, slip op. at 2 (6th Cir. July 17, 2014).

Because Movant knowingly and voluntarily agreed to the collateral attack waiver, he cannot show that counsel's conduct in allowing him to do so fell below an objective standard of reasonableness, or that counsel's conduct prejudiced him. Therefore, this argument is also meritless.

*Third*, Movant takes issue with the fact that his counsel, rather than the Court, conducted part of the Rule 11 colloquy while affirming that Movant understood his rights. Movant claims that this was a conflict of interest and that the behavior constituted ineffective assistance of counsel. The Court disagrees. He has failed to show how counsel's act of ensuring on the record that Movant understood the rights that he was giving up equates to a conflict of interest. Moreover, he has failed to show that he was prejudiced in any manner by counsel's actions. Counsel accurately informed Movant of the rights that he was giving up and confirmed that Movant was doing so knowingly and voluntarily. Movant still agreed to enter into the plea agreement. There is no indication that Movant would not have entered into the agreement or waived his right to collaterally attack his sentence if the Court, rather than counsel, had conducted the same colloquy with Movant. Thus, this claim of ineffective assistance of counsel is also meritless.

### B. Double Jeopardy Violations

To the extent that Movant alleges that that the plea agreement was in violation of the Fifth Amendment's Double Jeopardy Clause and, therefore, the waiver of his right to collaterally attack his sentence should have never occurred, this claim is also without merit.

9

The Double Jeopardy Clause "prohibits multiple prosecutions for the same offense." *United States v. Toaz*, 59 F. App'x 94, 100 (6th Cir. 2003). Double jeopardy concerns only arise, however, after "jeopardy has attached." *Id.* "[J]eopardy does not attach, and the constitutional prohibition can have no application, until a defendant is put to trial before the trier of facts, whether the trier be a jury or a judge." *Id.* (internal quotation marks and citation omitted). "When a defendant enters a guilty plea to an offense, jeopardy attaches 'upon the court's acceptance of the plea agreement.'" *Id.*

Here, Movant was never "put to trial before the trier of facts" and never pleaded guilty to the charges set forth in the original indictment. Accordingly, a claim that the superseding indictment violated the Double Jeopardy Clause would have been meritless, and counsel was not ineffective for failing to raise such a claim.

### IV.

Movant has also filed an application to proceed without prepayment of fees, and a motion to appoint counsel in this matter. Fees are not required in a § 2255 motion, and the Court does not find the appointment of counsel necessary. Accordingly, these motions will be denied.

### V.

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court, and Movant's motions to proceed without prepayment of fees and appoint counsel will be denied. Because the Court finds that the

"motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing will be conducted.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. The Court finds that reasonable jurists would not find its assessment of the constitutional claims debatable or wrong and, accordingly, a certificate of appealability will be denied.

An order and judgment will enter consistent with this opinion.


Dated:  August 23, 2016                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE